Reversed and Remanded and Memorandum Opinion filed December 21, 2004









Reversed and Remanded and Memorandum Opinion filed December 21, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01186-CV

____________

 

SHARON KING,
INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HARRISON HUGHES, DECEASED,
AND CARL HUGHES, Appellants

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 99-18889

 



 

M E M O R A N D U M   O P I N I O N








Sharon King, individually and as representative of the estate
of Harrison Hughes, and Carl Hughes sued the City of Houston for damages under
the wrongful death and survival statutes[1]
for the death of their father, Harrison Hughes. 
The City of Houston moved to dismiss their claims based on a plea to the
jurisdiction, alleging that the trial court lacked jurisdiction over the claims
because King and Hughes failed to comply with the notice requirements of
section 101.101 of the Texas Tort Claims Act.[2]  Because the Texas Supreme Court has
recently held that a plaintiff’s failure to comply with the Act’s notice
requirements does not deprive a trial court of subject-matter jurisdiction, we
reverse and remand.

Background

King and Hughes allege that, in April of
1997, Harrison Hughes was staying at the home of his stepdaughter in Houston,
Texas.  One afternoon, several City of
Houston police officers came to the home to arrest another individual, and
carried with them a battering ram known as a “Moby” to knock the door down if
necessary.  When Harrison Hughes opened
the door, an officer pushed him aside and dropped or threw the Moby on his
foot.  Mr. Hughes suffered an open
fracture of his big toe as a result of the incident.  The toe became infected, and several days
later, Mr. Hughes went into septic shock. 
On April 29, 1997, he died.

King and Hughes filed suit, alleging
wrongful death and survivor claims against the City.  They alleged the City’s sovereign immunity was waived under
the Tort Claims Act.  The City answered
and filed a motion for summary judgment based on the qualified immunity of its
officers.  The trial court denied the
motion, and the denial was upheld on appeal.[3]  After the case was returned to the trial
court, the City moved to dismiss the claims for lack of jurisdiction, on the
basis that it did not receive actual notice of the claims.  A trial judge in another court granted the
motion during a time when no judge was assigned to the court.  The trial court later granted King and Hughes
a new trial.  The City then resubmitted
its plea to the jurisdiction and the parties submitted additional
briefing.  King and Hughes also filed a
third amended petition in which they specifically alleged that the City had
actual notice of their claims.  On
September 10, 2003, the trial court granted the City’s plea and dismissed the
claims against it.  This appeal ensued.








Analysis

In two issues, King and Hughes contend the
trial court erred in dismissing their wrongful death and survival claims for
lack of jurisdiction based on a failure to comply with the Tort Claims Act’s
notice provision.  See Tex. Civ. Prac. & Rem. Code §
101.101.  King and Hughes admit they did
not give written notice to the City, but contend the City had actual notice of
Harrison Hughes’s injury because the officers were aware of Harrison Hughes’s
injury to his toe and a police report was prepared describing the incident.[4]  See id. § 101.101(c) (providing that
statute’s notice requirements do not apply if the governmental unit has actual
notice that death has occurred, that the claimant has received some injury, or
that the claimant’s property has been damaged). 
The City responds that it did not have actual notice of Harrison Hughes’s
death or King’s and Hughes’s identities as wrongful death claimants.  Therefore, the City asserts, the trial court
properly dismissed King’s and Hughes’s claims for lack of jurisdiction because
they failed to comply with the Act’s notice provision. 








However, recent authority from the Texas
Supreme Court instructs our resolution of this appeal.  On July 9, 2004, the Texas Supreme Court held
in University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser
that “the failure to give notice of a claim as required by section 101.101 does
not deprive a court of subject-matter jurisdiction over an action on the
claim.”  140 S.W.3d 351, 362 (Tex.
2004).  Because lack of notice cannot
deprive the trial court of subject-matter jurisdiction, it cannot be made the
basis for a plea to the jurisdiction in the trial court.  Accordingly, the trial court erred in
dismissing King’s and Hughes’s claims for lack of jurisdiction based on a
failure to comply with the Act’s notice provision.  Id; see also Riston v. City of
Houston, No. 14-03-01135-CV, 2004 WL 274915, *2 (Tex. App.—Houston [14th
Dist.] December 2, 2004, no pet. hist.) (not designated for publication)
(holding trial court erred to extent it sustained City’s plea based on
plaintiff’s failure to satisfy Act’s notice requirements).

We reverse the trial court’s judgment and
remand for further proceedings.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed December 21, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.











[1]  Tex. Civ. Prac. & Rem. Code §§
71.002, 71.004, 71.021.





[2]   Tex. Civ. Prac. & Rem. Code §§
101.001‑.109 (the “Tort Claims Act” or “Act”). 





[3]  See City of Houston v. King, No. 01‑00‑01278‑CV,
2002 WL 1041174 (Tex. App.—Houston [1st Dist.] May 23, 2002, no pet.) (not
designated for publication).  





[4]  King and
Hughes also contend that, in its briefing below, the City conceded that it had
notice of the survival claim and that its plea was directed only to the
wrongful death claim.  However, the City
does not address this assertion.  In any
event, because we reverse and remand both claims to the trial court, it is
unnecessary to resolve this contention.